(59 App. Div. 464.)

HAKES v. THORNTON.

(Supreme Court, Appellate Division, Fourth Department. March 12, 1901.)

CONVERSION—RIGHT OF POSSESSION—QUESTIONS FOR JURY.

Where, in an action for damages for conversion of personalty seized by defendant as sheriff under an execution, the effect of a bill of sale, under which plaintiff claimed the property and his possession at the time of the levy, was put in issue, it was error to direct a verdict for plaintiff,

since defendant was entitled to the jury's finding as to the effect of such bill of sale, and as to the fact of possession at the time of the seizure.

Spring, J., dissenting.

Appeal from trial term, Onondaga county.

Action by Lucius A.' Hakes against Stephen Thornton. From a judgment of the supreme court, entered on a direction of a verdict, and from an order denying a motion for a new trial on the minutes, defendant appeals. Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and LAUGHLIN, JJ.

B. A. Benedict, for appellant.

D. R. Cobb, for respondent.

WILLIAMS, J. The action was brought to recover damages for the conversion of personal property, a stock of groceries. The defendant, as sheriff of Onondaga county, seized the property by virtue of executions against the firm of Hanley & Johnson. The plaintiff claimed that he was the owner and in the actual possession of the property when it was seized. The defendant claimed that the firm of Hanley & Johnson was the owner and in the actual possession of the property at the time it was seized. The plaintiff claimed title to the property by virtue of a bill of sale made by Hanley & Johnson to one Marsh, and a bill of sale by Marsh to plaintiff, both given May 5, 1898. The judgments were recovered, and the executions thereon issued to the defendant as sheriff, May 7, 1898, and the property was seized the same day the executions came into the sheriff's hands. The bill of sale by Hanley & Johnson to Marsh was in form absolute, but the defendant claimed the understanding of the parties was that it was given merely as security for the payment of a debt owing by Hanley & Johnson to Austin, Nichols & Co., whose representative Marsh was. Whether the bill of sale was an absolute transfer of the property, or was in effect a mortgage, was a question for the jury, and could not be determined against the defendant by the court. Both Hanley and Johnson testified that the understanding was the bill of sale should be for security merely, and that they should have until the following Tuesday to pay the debt; that the ownership of the property should in the meantime remain in their firm, and the business should be continued as usual by the firm; that they were not permitted to read or hear the bill of sale read, but were told that it contained these provisions. The court could not disregard this evidence, nor could it take this question from the jury, and hold the bill of sale absolute, and give present title and possession of the property to Marsh.

We must assume, for the purposes of this appeal, that the understanding between the parties was as sworn to by the members of the firm of Hanley & Johnson. If this was so, then the firm held title to the property at the time it was seized, subject to the mortgage, and had an interest therein subject to seizure and sale under execution (Hall v. Sampson, 35 N. Y. 274; Hathaway v. Brayman, 42 N. Y. 324; Hamill v. Gillespie, 48 N. Y. 556; Manchester v. Tibbetts, 121

N. Y. 223, 24 N. E. 304); and the defendant in making such seizure did not become liable for the conversion of the property, unless the plaintiff was in the actual possession of the property under its mortgage, and the firm of Hanley & Johnson was out of possession thereof. This question of possession was, however, one of fact for the jury, and could not be determined against the defendant by the court.

Both Hanley and Johnson testified, not only to the understanding that their firm should hold the title and possession of the property till the following Tuesday, but that the firm actually did remain in possession until the property was seized. Undoubtedly the plaintiff made an effort to take possession, and claimed he was in possession when the seizure was made, but he could not take forcible possession, against the will of the firm, under a bill of sale such as the defendant had shown the bill of sale was understood to be. It having been agreed that title and possession should be retained by the firm, he could not, in violation of that agreement, by force, take possession of the property, and claim the title was transferred to him before the following Tuesday.

The court, at the close of the evidence, refused to submit any questions to the jury, and directed a verdict for the plaintiff, and in this there was error. The defendant had a right to the finding of the jury as to the understanding between the parties in the giving of the bill of sale by the firm to Marsh, and as to the fact of possession at the time of the seizure of the property; and, if the jury found these questions favorably to the plaintiff, then he was entitled to succeed in his defense to this action for conversion. He had a right, in such a condition of things, to seize and sell the property,—all the firm's interest therein,—which sale would have been subject to plaintiff's mortgage interest. Without considering or passing upon the other questions raised, we think the court erred, for the reasons hereinbefore stated, in refusing to submit the case to the jury, and in directing a verdict for the plaintiff. We refrain from discussing the facts, because there must be a new trial, and the jury should be left to pass upon the facts upon such new trial without being influenced by any views we may entertain with reference thereto.

Judgment and order appealed from reversed, and a new trial granted, with costs to appellant to abide event. So ordered. All concur, except SPRING, J., who dissents.