### CORRIGAN v. SAMMIS et al.

(Supreme Court, Appellate Term. December 22, 1909.)

1. EXECUTION (§ 37*)—MORTGAGED PERSONALTY—SEIZURE AND SALE.
> Where a chattel mortgagor was not in default, he had an interest in the mortgaged property, which could be seized and sold under execution, and the mortgagor had no right to the possession.
>
> [Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 95, 96; Dec. Dig. § 37.*]

2. CHATTEL MORTGAGES (§ 252*)—AUTHORITY FOR SALE—DEFAULT.
> A provision, in a chattel mortgage for $400, payable in installments, giving the right to take and sell the chattels after default in payment of the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"said sum above mentioned," refers to a default in the total sum, and not to a default as to an installment.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. § 520; Dec. Dig. § 252.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Patrick Corrigan against George W. Sammis and another. From a judgment for plaintiff, defendants appeal. Reversed.

Argued before GIEGERICH, GOFF, and LEHMAN, JJ.

M. F. McGoldrick, for appellants.
Robert J. Cook, for respondent.

LEHMAN, J. The plaintiff has obtained a judgment in an action brought against the judgment creditors of one Peter Glen and against a city marshal for conversion of goods, which the plaintiff claimed he owned, but which the marshal levied upon under an execution against Peter Glen.

It is undisputed that at the time of the levy the judgment debtor was in possession of the property. He had, however, given the plaintiff a chattel mortgage upon the property for the sum of $400, payable in installments. The mortgage contained no clause making the whole sum due and payable upon default in the payment of any installment. One installment was past due, and payment thereof had been demanded, at the time of the levy; but the other installments were not yet due. In the case of Hull v. Carnley, 11 N. Y. 501, at page 505, the court, per Denio, J., stated:

"I consider it well settled that chattels which have been mortgaged may, notwithstanding, be seized upon execution against the mortgagor, where he is in possession, and at the time of the seizure is entitled to the possession for a definite period against the mortgagee."

This case has been frequently cited in later decisions, and its authority is apparently unquestioned. The marshal had a right, if the debtor was in possession, with a right to maintain such possession, to seize and sell the property to the extent of all the debtor's interest therein, which sale would have been subject to the plaintiff's interest under the mortgage, and an action for conversion would not lie. Hakes v. Thornton, 59 App. Div. 464, 69 N. Y. Supp. 234.

The only question which we must therefore consider is whether the plaintiff was entitled to possession of the chattels after default in the payment of the whole sum of $400, or after default in the payment of any portion thereof. The mortgage specifically gives the plaintiff the right to take and sell the chattels after default in the payment of the "said sum above mentioned." The mortgage is in exactly the same form as the one considered in the case of Earle v. Gorham Mfg. Co., 2 App. Div. 460, 37 N. Y. Supp. 1037. As in that case:

"There are several sums here mentioned, and there is one total sum. The sum referred to in the 'sale' clause is clearly that total sum. * * * 'The said sum above mentioned' was not the sum due on the first unpaid note in the default connection, and the totality of the debt in the sale and payment connection. It is plain that it meant the total sum in both connections."

Under the authority of that case I see no escape from the conclusion that at the time of the levy and sale the judgment debtor had an interest in the chattels which could be seized and sold under execution, and the plaintiff had at the time no right to possession.

The action for conversion will therefore not lie, and the judgment must therefore be reversed, and the complaint dismissed, with costs to appellants. All concur.