### FURMAN v. MELNICK.

(Supreme Court, Appellate Term, First Department.   June 28, 1915.)

CHATTEL MORTGAGES ☞252—FORECLOSURE—DEFAULT IN INSTALLMENTS.

    A chattel mortgage providing that in case of default in the payment of "said sum above mentioned, or any part thereof," the goods might be seized and sold, may properly be foreclosed upon default in one payment; the instrument sufficiently making the whole sum due and payable upon default in the payment of any installment.

    [Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. § 520; Dec. Dig. ☞252.]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action to foreclose a chattel mortgage by Louis M. Furman against Harry Melnick.   From an order vacating and setting aside a writ of seizure, plaintiff appeals.   Reversed.

Argued June term, 1915, before GUY, BIJUR, and PAGE, JJ.

Rosansky & Goldberg, of New York City (Julius H. Rosansky, of New York City, of counsel), for appellant.

Samuel Kornbluth, of New York City, for respondent.

GUY, J.   Plaintiff began this action to foreclose a chattel mortgage given by the defendant.   The pleadings were oral.   The mortgaged chattels were in the possession of the defendant at the time the writ was granted, and were seized by the marshal.   The mortgage was given by the defendant to secure the payment of the sum of $250, and at the time the writ was issued it is conceded that one payment of $35 was due and unpaid.   The mortgage contained this clause:

"That in case default shall be made in the payment of the said sum above mentioned, or any part thereof, * * * then it shall and may be lawful for * * * the said party of the second part [the mortgagee] * * * to take and carry away the said goods and chattels and to sell and dispose of the same at public or private sale."

Upon motion of the defendant the writ was vacated and set aside, and the marshal was directed to return the property seized to the defendant.   The defendant claims that this action on the part of the lower court was justified upon the ground that the mortgage "contained no clause making the whole sum due and payable upon default in the payment of any installment."   He cites Corrigan v. Sammis, 65 Misc. Rep. 473, 120 N. Y. Supp. 69, in which it was held that the provision in a chattel mortgage payable in installments, giving the right to take and sell the chattels upon default in payment of "said sum above mentioned," refers to a default in the total sum, and not to a default on an installment.

We have no fault to find with that decision, but it does not apply to the terms of the mortgage in the case at bar.   In the case quoted, default in payment of "said sum above mentioned" is properly held to apply to the entire sum; but the mortgage in the case at bar

---

reads: In case default shall be made in the payment of "said sum above mentioned, *or any part thereof,*" goods may be seized and sold. It is conceded that default had been made in one payment. Courts are bound to give force to the actual contract of the parties, and the defendant is bound by the contract set forth in this mortgage. It follows that the order must be reversed.

Order reversed, with costs. All concur.